FILED

SEP 23 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

NEGASH MALEDE,

Plaintiff,

v.

D.C. JAIL FACILITY, *et al.*,

Defendants.

Civil Action No. 01-0298 (RWR)/(JMF)

## MEMORANDUM OPINION

Now pending before this Court is plaintiff's <u>Praecipe</u> stating in detail the attorney fees and costs being sought in connection with its <u>Motion to Compel and for Sanctions</u> [#158] against defendant, District of Columbia. The present issue is a determination of the amount of reimbursement due.

### I.   Background.

On August 9, 2007, plaintiff and defendant submitted a Joint Status Report that included a mutually proposed schedule governing additional discovery. According to the schedule, defendant would submit to a 30(b)(6) deposition on or before October 19, 2007. Upon review of that Joint Status Report, the Court issued an Order dated August 28, 2007, which extended the deadline for discovery to October 19, 2007. On September 7, 2007, plaintiff issued a Notice of Deposition to defendant. Plaintiff scheduled the deposition for October 11, 2007. On October 9, 2007, defendant's counsel e-mailed plaintiff's counsel. The e-mail stated that the October 11, 2007 deposition would need to be rescheduled for the week of October 15-19. Plaintiff's counsel issued a second Notice of Deposition for October 18, 2007. On October 17, 2007, defendant's counsel informed

1

plaintiff's counsel that the District would not appear at the scheduled deposition. The next day, plaintiff's counsel filed its Motion to Compel and for Sanctions against defendant.

This Court granted the Motion for Sanctions and ordered plaintiff to file "a praecipe no later than 1/18/2008 stating in detail the attorney fees and costs it seeks." The Court permitted the defendants to file an opposition, limited to the reasonableness of the fees and costs. Minute Order of January 4, 2008.

Plaintiff seeks $7,906 in attorney fees and the costs, not yet specified, of a court reporter for the 30(b)(6) deposition at issue, including any costs billed to plaintiff for the depositions that were cancelled, and one copy of the transcript of the deposition that was ultimately taken. The defendants will pay whatever this amount is upon the court reporter's presentation of an invoice specifying the charges to the defendants.

## II.   Analysis.

### Attorney's fees.

In calculating plaintiff's fee award, the Court must determine: (1) the reasonableness of the hourly rate charged; and (2) the reasonableness of the hours expended on the litigation. Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995).

#### 1.   The reasonableness of the hourly rate charged.

In this Circuit, "an attorney's usual billing rate is presumptively the reasonable rate, provided that this rate is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" Kattan ex rel. Kattan v. District of Columbia, 995 F.2d 274, 278 (D.C. Cir. 1993) (quoting Blum

v. Stenson, 465 U.S. 886, 895 n.11 (1984)). *Pro bono* counsel is entitled to be compensated at market rates. Blum, 465 U.S. at 895. Plaintiff's counsel has been providing his services in this matter *pro bono*. Plaintiff seeks reimbursement for work completed at a rate of $295/hr. Plaintiff's counsel claims that $295/hr is the lowest discount hourly rate charged to non *pro-bono* clients for his work during the year 2007. Defendant does not argue with the hourly rate claimed by plaintiff and as this rate is reasonable, the court will order reimbursement at a rate of $295/hr.

### 2.    The reasonableness of the hours expended on the litigation.

To determine the reasonableness of the number of hours expended on the litigation, the fee petitioner must submit evidence to the court that supports the hours worked. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). However, the fee petitioner does not need to present (1) the exact number of minutes spent on the litigation, (2) the precise activity to which each hour was devoted, or (3) the specific attainments of each attorney. Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1327 (D.C. Cir. 1982) (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)). However, "the application must be sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." Concerned Veterans, 675 F.2d at 1327.

Plaintiff requests reimbursement of the total 26.8 hours that his counsel expended preparing for the deposition and preparing the Motion to Compel and for Sanctions. See Praecipe at 2-3. Plaintiff's counsel claims to have spent 11.6 hours preparing for the 30(b)(6) deposition and 15.2 hours preparing the Motion. Id. Although defendant does not dispute that plaintiff's counsel reasonably expended 15.2 hours preparing the Motion,

3

defendant argues that fees for the deposition preparation are not proper because the deposition was scheduled to go forward on February 19 and 20, 2008. <u>Defendants' Opposition to Plaintiff's Praecipe Regarding Attorneys' Fees and Costs</u> at 1. Defendant contends that "there was no additional burden placed on plaintiff's counsel for preparing for the depositions as plaintiff's counsel had to prepare for the deposition regardless of when it is held." <u>Id.</u> Consequently, defendant requests that the Court deduct the cost of plaintiff's counsel's preparation for the Rule 30(b)(6) deposition from the total fees that were requested by plaintiff. <u>Id.</u> at 1-2.

In <u>Myrdal v. District of Columbia</u>, Chief Judge Lamberth awarded attorneys' fees and costs in preparing for and taking a Rule 30(b)(6) deposition because the producing party failed to properly designate a witness that could speak on its behalf and produced a witness who lacked the sufficient knowledge required. <u>Myrdal v. District of Columbia</u>, 248 F.R.D. 315, 318 (D.D.C. 2008) (holding that a witness at a 30(b)(6) deposition, who was unable to answer questions on 19 out of 20 topics included in the plaintiff's notice and even stated that he could not speak on the defendant's behalf, lacked the sufficient knowledge required from such deponents). In the present case, defendant's actions are at least as egregious as that described in <u>Myrdal</u> given that defendant never even named or produced a Rule 30(b)(6) witness. <u>See</u> Exhibit H to <u>Motion to Compel and for Sanctions</u>. Moreover, defendant's argument that plaintiff's counsel carries no additional burden by preparing for the scheduled October 2007 deposition, since counsel needed to prepare for the deposition at some point in time, is unpersuasive. Even though plaintiff's counsel prepared in October 2007 for the Rule 30(b)(6) deposition, the nature of a deposition requires counsel to prepare again for a deposition scheduled to take place four months

later. Accordingly, the Court will order reimbursement of plaintiff's requested 26.8 hours.

### III.   Conclusion.

For the reasons stated above, the defendant is directed to pay $7,906.00 in attorneys fees, the actual cost of the services of the court reporter for the 30(b)(6) deposition at issue, and the cost of one transcript.

A Judgment accompanies this Memorandum Opinion.

Date:  September 22, 2008

/s/
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Case 1:01-cv-00298-RWR   Document 173   Filed 09/23/08   Page 6 of 6